Bigelow-Sanford Carpet Company, Inc. v. Commissioner.
Bigelow-Sanford Carpet Co. v. Commissioner
Docket No. 58093,
United States Tax Court
1961 Tax Ct. Memo LEXIS 308; 20 T.C.M. (CCH) 172; February 18, 1961
*308 TRAIN
Order On June 17, 1960, the petitioner filed a motion to vacate the decision entered May 24, 1960, in the above-entitled case, and a motion to reconsider our opinion filed May 20, 1960, 34 T.C. No. 28, with a memorandum in support of the latter motion. On August 18, 1960, an "Order Vacating Decision" was issued, advising that "further action in this case will be taken by the Court in due course." On consideration of the motion to reconsider the opinion, the memorandum in support thereof, respondent's memorandum in opposition to petitioner's motions to vacate decision and to reconsider opinion, the entire record, and for the reasons stated in our memorandum to accompany this order, petitioner's motion to reconsider the opinion is granted to the extent that it is ORDERED: That the findings of fact (mimeographed copy) be amended at page 29, first beginning paragraph, by deleting from the 10th line "decreased from 72.7" [first line in the second column of page 2483] and inserting therefor "increased from 69.09", and by deleting from the 11th line "68.7" [third line in the second column of page 2483] and inserting therefor "69.28". FURTHER ORDERED: *309 That the opinion (mimeorgraphed copy) be amended (1) At page 43, lines 17 and 18, [last sentence in the second column on page 2487] by deleting "the major factor which determined" and inserting therefor, "an important factor determining", (2) At page 45, second paragraph, third line, [tenth line in the second column on page 2488] by inserting "and relative" after "actual"; (3) At page 46, second line, [21st line in the second column on page 2488] by deleting "base floor covering" and inserting therefor "rug production", and line 20, [44th line in the second column on page 2488] by inserting "largely" before "determined"; (4) At page 47, third line, [53rd line in the second column on page 2488] by deleting "any" and inserting therefor "a much"; FURTHER ORDERED: That in all other respects petitioner's motion for reconsideration of the opinion is denied. Reviewed by the Special Division. Memorandum to Accompany Order TRAIN, Judge. On May 20, 1960, we filed our findings of fact and opinion in this proceeding. The minor errors of arithmetic in the findings of fact, the corresponding error of reference, one other minor error of factual statement and a slight misstatement *310 of petitioner's argument in the opinion, complained of by petitioner in its motion for reconsideration and its memorandum in support thereof have been corrected by the amendments set forth in the accompanying order. We are aware of certain language in our report which is capable of being construed as support for the arguments made by petitioner on motion. However, inasmuch as we remain convinced that our original decision was correct, it is necessary here only to comment upon petitioner's interpretation of the language in question, and the arguments based thereon, in order to clarify the basis of our holding. In its memorandum in support of its motion to reconsider the opinion, petitioner alleges that the "opinion errs in two principal respects: (a) it imposes on petitioner the burden of showing that the influence of residential construction on the carpet industry cycle was greater than was that of general business, and (b) it designates certain noncyclical factors as the primary cause for petitioner's depressed earnings during the base period, but on analysis these factors account for but a small portion of the depression in petitioner's earnings." Any language in the opinion *311 which misled petitioner into believing that the first alleged error occurred has been clarified. With respect to the second alleged error, petitioner's argument fails to take into account all of the noncyclical factors adversely affecting carpet industry profits relied upon in the report, and fails to consider fully the impact of increased competition among members of the industry. This competition not only contributed to petitioner's lower percentage of total industry sales, which, as petition admits, resulted in a limited loss of profits, but was undoubtedly an important factor in the decline of the industry profit ratio itself during the base period. Further, petitioner's argument fails to consider the increasing competition from nonindustry consumer products, and the increased competition from asphalt base floor coverings which limited the soft carpet industry's expansion, especially in the lower price ranges. Petitioner's main argument as stated in its memorandum, that "the opinion overlooks the fact that industrial production generally in the base period was 117 per cent of the extended period (p. 16) and that the depression in the residential construction industry thus accounts *312 for a loss of 12.42 per cent of carpet sales and 17.2 per cent of carpet yardage as compared with general business * * *" wholly fails to give any weight to the abovementioned factors. A comparison of the trends of the carpet and the residential construction industries during the 1930's fails to indicate the causal relationship between them alleged by petitioner, regardless of the high production correlation of the two industries over the longer 18-year period, the significance of which we adequately discussed in our original opinion. We found that the replacement market accounted for most carpet sales, and while stimulated by residential construction, that market was distinct from the "new demand" market, for which residential construction played a much more important role. Nor should our findings with respect to the stimulating effects of the residential building boom on the carpet industry during the early 1920's and the converse effect on that industry of the residential building "slump" in the early 1930's be construed as a general finding with respect to the relationship between the two industries. We specifically found other factors which affected the economic situation and, *313 accordingly, the carpet industry during both periods more significantly than did the residential construction industry level of production. Further, as revealed by Exhibit AJ, there is positive evidence indicating that petitioner's sales and general industrial production displayed closely similar trends during the late 1930's, the period ultimately in question from a cyclical standpoint. Finally, the specific non-cyclical factors referred to by petitioner in its memorandum, although limited in their adverse effect upon petitioner's and it industry's profits, which are fully set forth in the original report, must be considered along with the factors previously mentioned herein. We are aware of the difficulties of precise proof in a case of this nature. However, we remain unconvinced that influence of the residential construction industry upon petitioner's industry subjected it to a profit cycle differing materially in length and amplitude from the general business cycle.